IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN JAMES WONG,                                3:10-cv-473-MA

                      Petitioner,             OPINION AND ORDER

     v.

MARK NOOTH,

              Respondent.

ADAM S. ARMS
McKanna Bishop Joffe & Arms LLP
1635 NW Johnson St.
Portland, OR 97209

       Attorney for Petitioner

JOHN R. KROGER
Attorney General
ANDREW HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

       Attorneys for Respondent

MARSH, Judge

     Petitioner Stephen James Wong, an inmate in the custody of the

Oregon Department of Corrections, brings this habeas corpus

1 - OPINION AND ORDER

proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

<u>**BACKGROUND**</u>

On August 14, 1997, petitioner was indicted on charges that he sexually abused his step-daughter "AC."  AC, who was 13 years old at the time of trial, testified at length.  AC testified that she, her mother Rose Wong, her brother Christopher Daniels, and petitioner moved to Roseburg in 1996.  AC testified that the family moved around frequently.  AC described that her family lived in a motel, then in a small tent in a friend's backyard, then moved the tent down by the river, and then to an apartment on Rice Street with one bedroom.  (Transcript of Proceedings (Tr.) p. 46-47, 50-51, 55-56.)  At some point that summer, AC visited relatives in California because her grandmother had died.  When she returned from California, AC testified that the family had moved to Rose Garden Trailer Park in Green, Oregon. (Tr. 60.)

AC described in detail five separate occasions of abuse.  AC identified the vagina and penis as female "privacy" and male "privacy" respectively.  (Tr. 42-43.)  AC described the first incident occurring in the tent in the friend's backyard.  AC stated that she was sleeping at the end of the tent, with petitioner next to her, her mother next to petitioner, and her brother on the other side of the tent.  (Tr. 47.)  AC testified that while she was laying on her side, petitioner pulled her shorts down, unzipped his

pants, and from behind "put his privacy into my privacy" and moved it back and forth. (Tr. 48.)

AC testified that the second incident occurred while they were staying by the river. AC described that she was wearing swimming shorts but could not recall whether she was sleeping inside the tent or outside the tent. (Tr. 52.) AC testified that petitioner slept next to her, and while she was on her side, petitioner pulled down her swimming shorts, and "he came behind me and put his privacy into mine." (Tr. 52.) AC testified that petitioner again moved his privacy back and forth, and that the incident made her feel sick. (Tr. 52-53.)

AC described the third incident occurring in her bedroom at the Rice Street apartment. AC testified that on one night, petitioner came into her bedroom, and said that he needed to use the bathroom, which was off her bedroom. (Tr. 56.) AC described that when petitioner came out of the bathroom, petitioner was only wearing his underwear. (Tr. 57.) AC testified that petitioner came over to her bed, turned her onto her back, and pulled down her underwear. AC testified that petitioner again "put his privacy into mine and started going up and down." (Tr. 57.)

AC described the fourth incident occurring in the kitchen of the Rice Street apartment. AC stated that she and petitioner were alone in the apartment and that she was cooking something to eat. AC stated that petitioner came up to her and pulled open a drawer

and bent her over the drawer. AC testified that petitioner unbuttoned and unzipped his pants, and "put his privacy into my butt." (Tr. 58.) AC testified that his privacy "coming in and out of my butt" hurt really bad, and she screamed, and after she screamed, petitioner stopped. (Tr. 59.)

AC described the fifth incident occurring in the trailer home. AC testified that on one night, petitioner came into her bedroom and laid on the bed next to her. AC testified that petitioner unbuttoned and unzipped his pants, and rubbed his privacy on the outside of her privacy. AC testified that petitioner did not put his privacy into her because she was having her period. (Tr. 62.)

Clare Bruch, a protective services worker for the State Office of Services to Children and Families (S.O.S.C.F.), testified that she interviewed AC about the abuse allegations, and that a videotape of that interview was made. (Tr. 224, 228.) Ms. Bruch described that AC was placed in protective custody. Ms. Bruch testified that she told Mrs. Wong that Wong needed to believe AC so that the agency could decide whether to work toward reunification of the family. (Tr. 355-56, 260-61.)

Mrs. Wong also testified. Mrs. Wong stated that initially, she did not believe AC's allegations, and was confused. (Tr. 284-85.) Mrs. Wong admitted that she used methamphetamine, marijuana and alcohol during her pregnancy with AC. (Tr. 252.) Mrs. Wong confirmed that the family slept in a tent, and that petitioner

slept next to AC.  (Tr. 257.)  Mrs. Wong denied ever hearing the alleged abuse in the middle of the night because she is a heavy sleeper.  (Tr. 260-61.)

In response to a question about whether she was going to believe her husband or her daughter, Mrs. Wong testified that "[m]y children come first."  (Tr. 284.)  Mrs. Wong also testified about her concerns in getting custody of AC back from S.O.S.C.F.  On direct examination by defense counsel, Mrs. Wong stated that S.O.S.C.F. workers told her that petitioner "was convicted of this before."  (Tr.362.)  Defense counsel immediately objected to Wong's statement and moved for a mistrial.  The trial court denied the motion, struck the testimony, and instructed the jury to disregard Mrs. Wong's testimony.  (Tr. 375.)

Trudy Reynolds, the investigating police officer, also testified.  She described the incidents of abuse as relayed to her by AC, which largely confirmed AC's testimony.  (Tr. 333-348.)

Petitioner did not testify, and defense counsel called several witnesses to rebut AC's allegations and testify about AC's untruthful character, including three of AC's friends and AC's brother Christopher Daniels.

The jury found petitioner guilty on all charges, including four counts of Rape in the First Degree and one count each of Sodomy in the First Degree and Sexual Abuse in the First Degree.  Pursuant to Measure 11, petitioner was sentenced to 100 months on

the rape and sodomy convictions, with counts 3, 5 and 6 to run consecutively, and 75 months on the sex abuse conviction. Petitioner received a total of 375 months of incarceration, and 240 months post-prison supervision.

Petitioner directly appealed his conviction, challenging the constitutionality of Measure 11.  The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review.  State v. Wong, 160 Or. App. 291, 984 P.2d 957, rev. denied, 329 Or. 126 (1999).

Petitioner filed for post-conviction relief (PCR), alleging 30 grounds of ineffective assistance of counsel (A 1-30), and five grounds of ineffective assistance of appellate counsel (B 1-5). The PCR court denied relief.  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Wong v. Lambert, 193 Or. App. 484, 93 P.3d 845, rev. denied, 337 Or. 282 (2004).

On September 16, 2004, petitioner filed a petition for writ of habeas corpus in this court alleging numerous grounds of ineffective assistance of counsel and ineffective assistance of appellate counsel.  (Resp. Ex. 151, Wong v. Lambert, Case No. CV 04-1314-AA.)  On June 29, 2005, petitioner voluntarily dismissed that habeas proceeding in order to pursue a separate post-conviction proceeding.  (Resp. Exs. 152, 153.)

Petitioner then filed a second petition for state post-conviction relief in Malheur County Circuit Court on April 20, 2007, alleging several grounds of trial court error and prosecutorial misconduct. The PCR court denied relief on the basis that his PCR petition was time-barred, successive, and raised issues which should have been raised on direct appeal. (Resp. Ex. 160.)

Petitioner appealed the denial of his second PCR proceeding. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. (Resp. Exs. 165, 169.)

<u>**DISCUSSION**</u>

In his new and current habeas proceeding, petitioner alleges 34 grounds for relief. Petitioner asserts 28 grounds of ineffective assistance of trial counsel (grounds 1-28). Petitioner also alleges three grounds of ineffective assistance of appellate counsel (grounds 29, 31 and 34), and four grounds which do not assert any particular claim of relief (grounds 28, 30, 32, and 33). Respondent moves to deny habeas corpus relief on the basis that many of petitioner's grounds for relief are procedurally defaulted, and alternatively, that the state court's denial of his remaining claims is entitled to deference.

I.   **Unargued Claims.**

In his briefing to this court, petitioner does not discuss the merits of grounds 6-18, 25-26, 28-30, and 32-34. By failing to

7 - OPINION AND ORDER

advance the merits of these grounds, petitioner has failed to demonstrate that the state court's rejection of these claims is contrary to or an unreasonable application of clearly established Federal law in his briefing to this court.  See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005)(petitioner bears burden of proving he is entitled to habeas relief); Silva v. Woodford, 279 F.3d 825, 835 (9th Cir.), cert. denied, 537 U.S. 942 (2002)(same); 28 U.S.C. § 2254(d). Nevertheless, the court has reviewed petitioner's unargued claims and determined that they do not entitle him to relief. Accordingly, habeas corpus relief on grounds 6-18, 25-26, 28-30, and 32-34 is denied.

**II.  Procedural Default.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of

the law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal." Baldwin, 541 U.S. at 32; Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted.  Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (2008), cert. denied, 129 S. Ct. 1033 (2009).

Respondent alleges that grounds 19, 20, 23, and 24 relating to trial counsel's failure to address the coercion of Mrs. Wong, are procedurally defaulted because petitioner did not adequately assert them in his petition for review to the Oregon Supreme Court.

Petitioner submits that grounds 19, 20, 23 and 24 were fairly presented because he raised the issue of the coercion of his wife throughout the PCR process, and contends that he specifically referred to this issue in his petition for review.  Petitioner argues that by referencing all of his PCR arguments and specifically citing to his PCR petition containing this issue, he fairly presented the issue to the Oregon Supreme Court.  I disagree.

A properly exhausted constitutional claim generally should be presented within the four corners of the petitioner's appellate briefing.  Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir.),

cert. denied, 546 U.S. 818 (2005).  The Ninth Circuit has recognized that in Oregon, a prisoner may, in some circumstances, exhaust issues in his appellate briefing by incorporating prior arguments made by reference.  See Farmer v. Baldwin, 563 F.3d 1042, 1043 (9th Cir. 2009).  This court must assess whether the state court had a "'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Fields v. Waddington, 401 F.3d 1018, 1021-22 (9th Cir.), cert. denied, 546 U.S. 1037 (2005)(quoting Castillo, 399 F.3d at 1000); accord Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam).

In this case, in his PCR petition, petitioner made allegations that trial counsel was ineffective for failing to address the coercion of his wife by state social workers.  (Resp. Ex. 105.)  At the Oregon Court of Appeals, in briefing submitted by counsel, petitioner did not specifically discuss the coercion of his wife, but he did specifically incorporate all of his PCR claims.  (See Resp. Ex. 145, p. 7 n.2.  ("Although [petitioner] believes he was denied ineffective assistance of counsel for all of the reasons set forth in his petition, and wants all of his claims preserved, this Brief consolidates many of [petitioner's] allegations."))  Petitioner also attached his PCR petition as an Excerpt of Record.

In his petition for review to the Oregon Supreme Court, petitioner identified four claims of ineffective assistance of trial counsel:

(1) Petitioner Asserts That Trial Counsel Failed Adequately to Challenge or Cross-examine the State's Witnesses.

(2) Petitioner Asserts That His Trial Counsel Rendered Ineffective Assistance by Failing to Object to the Prosecutor's Reference at Trial to His Prior Record.

(3) Petitioner Argues That His Trial Counsel Failed Adequately to Challenge the State's Evidence and Make Appropriate Objections.

(4) Petitioner Contends That His Trial Counsel's Failure to Secure And/or Introduce Certain Evidence Amounted to Ineffective Assistance.

(Resp. Ex. 148 p. 6-9.)

Contrary to petitioner's suggestion, he did not indicate anywhere in the petition for review that he was seeking to incorporate all the arguments raised in his PCR petition, or all of the claims asserted before the Court of Appeals. While petitioner did attach the PCR petition as an Excerpt of Record, there simply is no indication in the petition for review itself that counsel intended to raise all of the PCR claims alleged in the PCR petition. Unlike the broad language used in his Court of Appeals briefing, there is no such incorporation language present in his petition for review.

I conclude that petitioner's citation to the excerpt of record simply cannot be read as an unambiguous incorporation by reference. Compare Farmer, 563 F.3d at 1043 (holding that incorporation by reference is a permissible method of raising an issue on appeal); with Jackson v. Belleque, 2010 WL 348357, *4 (D. Or. Jan. 21,

2010)(inclusion of post-conviction petition in excerpt of record does not function as an incorporation by reference). Moreover, the pages of the PCR petition to which petitioner cites in his petition for review include multiple claims. Without more specificity, the Oregon Supreme Court is left to guess which claims petitioner is asserting. To be sure, the only mention of Mrs. Wong in the petition for review relates to a communicable disease, a separate issue not advanced by petitioner in this proceeding. Thus, on the record before me, petitioner did not provide the state court with "a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." Castillo, 399 F.3d at 1000 (internal quotation omitted); accord Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992), cert. denied, 507 U.S. 992 (1993)(ineffective assistance of counsel claims are discrete and must be separately exhausted).

Accordingly, I conclude that petitioner did not exhaust the issue of trial counsel's effectiveness concerning the coercion of Mrs. Wong. Because the time for exhausting this claim has expired, grounds 19, 20, 23, and 24 are procedurally defaulted. See O.R.S. § 138.650. Petitioner presents no evidence of cause and prejudice to excuse his procedural default, or that failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, petitioner is not entitled to habeas corpus relief on grounds 19, 20, 23, and 24.

Regardless, even if these grounds are not procedurally defaulted, as discussed below, they fail on their merits.

## III. **State Court's Decision on the Merits is Entitled to Deference.**

In his remaining grounds, petitioner contends that trial counsel rendered ineffective assistance by failing to vigorously cross-examine the victim AC, Clare Bruch, and Trudy Reynolds (grounds 1-5), and by failing to challenge the alleged coercion of Mrs. Wong (grounds 19, 20, 23, and 24). Petitioner also contends that appellate counsel rendered ineffective assistance by failing to assign error to the prosecutor's mention of his prior bad acts (grounds 27 and 31). Respondent moves to deny petitioner's remaining claims on the merits on the basis that the state court's rejection of these claims is entitled to deference. I agree.

### A. **Standards.**

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under <u>Strickland v. Washington</u>, to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1)

his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  466 U.S. 668, 687 (1984); Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 390 (2000).  Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficiency of performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  To establish prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell, 535 U.S. at 695; Williams, 529 U.S. at 390-91; Strickland, 466 U.S. at 687, 694.

To prevail on a claim of ineffective assistance of appellate counsel, petitioner also must satisfy the standard set forth in Strickland.   Smith v. Robbins, 528 U.S. 259, 287 (2000). Petitioner must demonstrate that appellate counsel was objectively unreasonable in failing to raise a nonfrivolous issue, and that but for that failure, he would have prevailed on appeal.   Id.; see Moormann v. Ryan, 628 F.3d 1102, 1109-10 (9th Cir. 2010)(failing to raise a meritless issue on appeal is neither deficient performance nor prejudicial); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989)(appellate counsel remains above objective standard of

reasonableness when counsel declines to raise a weak issue on appeal).

Petitioner presents no new evidence in this proceeding and asserts no defect in the state post-conviction process. Accordingly, this court presumes that the state court's findings of fact are correct, unless rebutted by the petitioner with clear and convincing evidence. 28 U.S.C. §§ 2254(d)(2),(e)(1); Lambert v. Blodgett, 393 F.3d 943, 978 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005); Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.), cert. denied, 543 U.S. 1038 (2004); see also DeWeaver v. Runnels, 556 F.3d 995, 1007 (9th Cir.), cert. denied, 130 S. Ct. 183 (2009). This court reviews the state court's ultimate conclusion to ascertain whether it is contrary to or an unreasonable application of Strickland. 28 U.S.C. § 2254(d)(1); Lambert, 393 F.3d at 978.

**B.    Failure to Cross-Examine Witnesses (Grounds 1-5).**

Petitioner contends that trial counsel rendered ineffective assistance of counsel when he failed to aggressively cross-examine AC, Bruch, and Reynolds. According to petitioner, trial counsel failed to adequately cross-examine Ms. Bruch with the inconsistencies between Ms. Bruch's testimony and the testimony of Ms. Reynolds. (Tr. 246-49 and Tr. 339-48.) Petitioner also complains that trial counsel failed to adequately question Ms. Reynolds about inconsistencies between AC's trial testimony and information AC provided to Ms. Reynolds during the investigation.

(Tr. 94-95.)  Specifically, petitioner contends that trial counsel failed to question Ms. Reynolds about notes that Reynolds took during the investigation that were later destroyed, and about the existence of any copies of those notes.  (Tr. 340-343.)  Lastly, petitioner argues that the standard protocol for interviewing child witnesses was not followed when AC was interviewed by Reynolds, and that trial counsel should have highlighted these missteps for the jury.

    In order to prove that counsel rendered ineffective assistance, petitioner must "identify the acts or omissions of counsel that are alleged not to have been result of reasonable professional judgment." Strickland, 466 U.S. at 690; Matylinsky v. Budge, 577 F.3d 1083, 1091 (9th Cir.), cert. denied, 130 S.Ct. 1154 (2009).  The court must consider those acts against "prevailing professional norms," and counsel is presumed to have rendered adequate assistance.  Strickland, 466 U.S. at 690; Matylinsky, 577 F.3d at 1092.  Petitioner must show that the errors made by counsel fall outside the range of competent legal assistance, and demonstrate that it is reasonably probable that the result of his trial would have been different if his counsel had not made these mistakes.  Strickland, 466 U.S. at 689.

    Petitioner made the same arguments before the PCR court.  The PCR court issued the following factual findings:

**A 1-5 & 29:   Failure to challenge or cross-examine witnesses.** These allegations are similar in that they allege that trial counsel failed to properly cross-examine witnesses, challenge witness testimony, or point out contradictions between testimony of certain witnesses and written reports.  The record does not support these allegations.   The trial court transcript (Ex. 26) demonstrates that the trial attorney vigorously cross-examined the State's witnesses and pointed out contradictions in prior statements and reports. Petitioner did not present any evidence of any specific area of critical cross-examination that should have been addressed by counsel that could have changed the outcome of trial.

Petitioner has failed to present any evidence in this proceeding to overcome the presumption of correctness given to the state PCR's findings of fact that trial counsel vigorously cross-examined the state's witnesses and pointed out contradictions in prior statements and reports.  28 U.S.C. § 2254(e)(1).  As such, those findings are entitled to deference.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

Additionally, petitioner has failed to demonstrate that trial counsel rendered deficient performance.  Trial counsel Andrew Johnson averred that he thoroughly cross-examined the victim and the state's witnesses.  In this case, the government's strongest witness was AC.  Johnson attested, and the record clearly supports, that he cross-examined AC with discrepancies between her reports to Ms. Reynolds, reports to Ms. Bruch, and her own trial testimony. (Ex. 138.)  Additionally, during the defense's case, Johnson also called numerous witnesses to impeach AC's credibility including

AC's friends and her brother.  For example, Christopher Daniels testified that AC never slept in the tent in the backyard, and that down by the river, it was he, not petitioner, who slept next to AC. (Tr. 380-81.)  Daniels also testified that AC had a reputation for being untruthful.  (Tr. 382.)

I reject petitioner's argument that Johnson rendered deficient performance by failing to cross-examine Ms. Reynolds about standard protocols for interviewing child victims of sexual abuse.  The record reflects that Johnson did question Ms. Reynolds on cross-examination about the fact that her interview notes had been destroyed, that her tape recorder batteries went dead during the interview with AC, and that Reynolds failed to immediately write the final report, taking over a month to complete it. (Tr. 333-49.) Petitioner fails to present any evidence, aside from his own speculation, as to what the alleged protocols are, and what difference that testimony would have had on the outcome of the trial.

Lastly, while petitioner asserts that there are inconsistencies between Ms. Bruch's testimony and that of Ms. Reynolds, petitioner fails to indicate what the specific discrepancies are, and more importantly, how trial counsel's failure to highlight them fell below and objective standard of reasonableness.

After a thorough review of the record, I conclude the PCR court's rejection of petitioner's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.    28 U.S.C. § 2254(d)(1). Accordingly, habeas corpus relief on grounds 1-5 is denied.

**C.    Coercion of Ms. Wong (Grounds 19, 20, 23, and 24).**

Petitioner contends that trial counsel failed to pursue the issue of the state's coercion of Mrs. Wong.    Petitioner made this same argument before the PCR court, and the PCR court made the following findings:

> Petitioner alleges that his conviction was tainted because S.O.S.C.F. workers told [Mrs. Wong] that she would not be allowed to maintain custody of her child unless she agreed with the child's version of the incident and testified against the Petitioner. Petitioner's trial attorney raise[d] this issue both with [Mrs. Wong] and the S.O.S.C.F. workers when they testif[ied] at trial.    The jury was clearly aware of the facts.    There is nothing more that the trial attorney could have done. (Resp. Ex. 144, p. 5.)

Petitioner has failed to present any evidence in this proceeding to overcome the PCR court's factual findings that trial counsel acted reasonably in highlighting the alleged coercion of Mrs. Wong for the jury.    Because this factual finding is presumed correct under 28 U.S.C. § 2254(e)(1), petitioner has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness.    Strickland, 466 U.S. at 689.

Although petitioner contends that counsel should have asked additional follow-up questions of Mrs. Wong, Ms. Bruch and Sandra Webster, he fails to identify what additional testimony would have been gained. Therefore, petitioner has failed to demonstrate that, but for counsel's failure to conduct a more thorough cross-examination, the result of the proceeding would have been different. Accordingly, the state court's rejection of his claim is neither contrary to, nor an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d). Habeas corpus relief on claims 19, 20, 23, and 24 is denied.

**D.   Prior Bad Acts (Grounds 27 and 31).**

**1.   trial counsel.**

Petitioner argues that trial counsel was ineffective when he failed to object to the prosecutor's line of questioning of Ms. Bruch on cross-examination, which resulted in the following exchange:

> Q.   You're not going to put a child back in a home with
>      a sex offender in the home, right?
>
> A.   No, sir. Our guidelines absolutely forbids that.
>      (Tr. 360.)

According to petitioner, trial counsel's failure to object left the jury with the false impression that petitioner was a sex offender and that his sex offender status could be considered during deliberations.

The PCR court made the following relevant factual findings:

Petitioner maintains that a statement by Ms. Bruch with reference to leaving the victim in the home with petitioner was a comment upon his bad acts. The testimony was in response to testimony that Ms. Bruch had told Mrs. Wong that the child would be removed from the home if she did not believe[] and protect her. When the prosecutor asked the question, "You're not going to put a child back in a home with a sex offender in the home, right?", he was referring to the issue of returning the child to the home of the alleged offender. This did not constitute a reference to Petitioner's prior conviction. (Resp. Ex. 144 p. 3.)

Petitioner has failed to offer any evidence in this proceeding to overcome the factual findings of the PCR court that the statement did not refer to petitioner's prior conviction. Because this factual finding is presumed correct under 28 U.S.C. § 2254(e)(1), petitioner has failed to demonstrate that counsel's failure to object fell below an objective standard of reasonableness.

Furthermore, I reject petitioner's suggestion that petitioner suffered prejudice because Ms. Bruch's testimony went unchallenged. In short, petitioner has failed to establish that, but for counsel's alleged failure to object to Ms. Bruch's testimony, there is a reasonable probability the outcome of his trial would have been any different. Bell, 535 U.S. at 695; see also Williams, 529 U.S. at 413 (state court's application of Strickland must be more than merely incorrect–the court must have "unreasonably applied that principle to the facts of the prisoner's case"). After a thorough review of the record, and considering the weight of the

evidence against petitioner and the testimony presented in this case, I conclude that the state court's rejection of this claim is neither contrary to, or an unreasonable application of, clearly established Federal law.  28 U.S.C. § 2254(d).

### 2.  appellate counsel.

Petitioner also complains that appellate counsel Louis Miles was ineffective when he failed to raised on direct appeal a statement by Ms. Wong on direct examination that petitioner "was convicted of this before."  (Tr. 362.)  According to petitioner, appellate counsel was ineffective when he failed to assign error to the references to his prior bad acts.

In his affidavit submitted to the PCR court, Miles averred that he reviewed the file, and considered whether to raise the issue of petitioner's prior bad acts.  (Resp. Ex. 140.) Miles attested that his review of the transcript revealed that Mrs. Wong referred to petitioner's prior conviction, and that trial counsel objected to the evidence, and moved for a mistrial.  Miles averred that the trial court struck the evidence, denied the mistrial motion, and instructed the jury to disregard the statement. Additionally, Miles discussed that "[b]ecause of this instruction, a further instruction was unnecessary."  (<u>Id.</u> at ¶ 5.)  Also, Mr. Miles concluded that "[a]part from speculation, there was no indication on the record that the jury did not follow the court's instructions."  (<u>Id.</u>)

22 – OPINION AND ORDER

The PCR court made the following factual findings concerning appellate counsel's performance:

> **B 1-4. Appellate attorney failed to raise any issues on appeal other than Measure 11.** Petitioner is correct in that his appellate attorney raised only the Measure 11 issue on appeal. Petitioner has failed to show that the other issues mentioned would have had any likelihood of success on appeal. ... The court did not improperly fail to exclude testimony of prior bad acts. As indicated above, during direct examination in the defense case, Petitioner's wife blurted out that [S.O.S.C.F.] did not want the victim in the home with Petitioner because he had done this before. The trial court denied the motion for mistrial but it did give the curative instruction and instructed the jury to disregard the testimony. There is no evidence that the instruction was not followed.

Petitioner has failed to present any new evidence in this proceeding to overcome the presumption of correctness given to the state PCR court's finding of fact. 28 U.S.C. § 2254(e)(1). Moreover, petitioner has wholly failed to demonstrate that there would have been any likelihood of success had appellate counsel raised this issue on appeal. <u>Moormann</u>, 628 F.3d at 1110.

Instead, petitioner appears to suggest he was prejudiced because the jury did not follow the trial court's curative instruction and improperly considered his prior conviction during deliberations. (<u>See</u> Petitioner's Memo. in Support, p. 10 n.5 & p. 12 n. 6.) In making this claim, petitioner intermixes a separate ground for relief relating to jury misconduct. (<u>See</u> Petition (#2), Ground 34 p. 73.) This issue was presented to the PCR court in the

form of an ineffective assistance of appellate counsel claim, and the PCR court issued the following factual findings:

> The issue of jury misconduct was not an appropriate appellate issue. There is no evidence in the record of any jury misconduct in the trial court. Petitioner's trial attorney filed a motion for the court to allow him to contact jurors. He based this on his statement that "it has been brought to my attention that the members of the jury in this case *may have* discussed during deliberations that statement made by the witness that they were instructed to disregard by the court. The defendants motion to contact jurors was properly denied by the court. (Resp. Ex. 144 p. 6)(emphasis in original and citations omitted).

Petitioner has failed to present clear and convincing evidence in this court to overcome the presumption of correctness given to the PCR court's findings that there was no evidence of jury misconduct. See 28 U.S.C. § 2254(e). Petitioner cites to an unsworn "Memo For Record" from Bill Hamman, trial counsel's investigator. (Resp. Ex. 146.) In that document, Hamman provides that on October 13, 1997, he had contact with two jurors who stated that they discussed petitioner's prior convictions during their deliberations. The Hamman document was not presented to the PCR court, but instead was attached to a *pro se* supplemental Court of Appeals brief. (Id.)

Petitioner also cites to a Memorandum written by trial counsel Andrew Johnson in which Johnson describes having contact with a juror on October 14, 1997, and that the juror informed him that petitioner's prior convictions had been considered during

deliberations.    (Resp. Ex. 146.)    However, the Memorandum is unsigned, and was not submitted to the PCR court.  The Memorandum, like Hamman's document, was attached only to petitioner's *pro se* supplemental Oregon Court of Appeals brief.  (Resp. Ex. 146.)  Most tellingly, at no point during the PCR proceeding, his appeals therefrom, or in the current proceeding, has petitioner submitted affidavits from the jurors whom he alleges discussed petitioner's prior conviction.

Aside from the unsworn documents attached to his *pro se* supplemental Oregon Court of Appeals brief, petitioner presents no new evidence to support his claim of jury misconduct.  Petitioner's contrary suggestion is based on pure speculation, and is rejected by this court in its entirety.   Because petitioner has failed to come forward with clear and convincing evidence, the PCR court's finding that there was no evidence of jury misconduct is entitled to deference.  28 U.S.C. § 2254(e)(1); Miller-El, 537 U.S. at 340. In  light  of  that  finding,  petitioner  has  wholly  failed  to demonstrate that there would have been any likelihood of success had  appellate  counsel  raised  the  issue  of  jury  misconduct  on appeal.  Moormann, 628 F.3d at 1110.

In sum, petitioner has failed to demonstrate that the state court's  rejection  of  his  claims  of  ineffective  assistance  of appellate counsel are contrary to, or an unreasonable application

of clearly established Federal law.   28 U.S.C. § 2254(d).   Habeas corpus relief on Grounds 27 and 31 is denied.

**E.   Cumulative Error.**

Petitioner argues that the cumulative effect of these multiple errors has caused him prejudice.  Because petitioner has not demonstrated that petitioner's trial counsel or appellate counsel rendered deficient performance in any regard, I reject petitioner's argument.   There can be no cumulative error where, as here, there is no constitutional error.   <u>Mancuso v. Olivarez</u>, 292 F.3d 939, 957 (9th Cir. 2002).

I also reject petitioner's request for a hearing, as he has not put forward any new legal rule or new facts that would entitle him to a hearing.  28 U.S.C. § 2254(e)(2); <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1401 (2011); <u>Griffin v. Johnson</u>, 350 F.3d 956, 966 (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 998 (2004).

////

////

////

////

////

////

////

////

////

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _14_ day of JUNE, 2011.


_/s/ Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge